DIETZ, Judge.
*335 Defendant Marie Antoinette Lynch appeals her conviction and sentence on multiple drug trafficking charges. She argues that the trial court should have declared a mistrial after a prospective juror, in the presence of the rest of the jury pool, stated that "I've seen her (Lynch) around" and "I believe she did it." The trial court immediately dismissed that prospective juror and gave a lengthy curative instruction to the jury pool.
As explained below, in light of the trial court's curative instruction, the trial court's decision not to declare a mistrial was within the court's sound discretion.
Lynch also argues that the there is a clerical error in the judgment form because the court indicated that it would arrest judgment on the trafficking by delivery charge but failed to do so on the judgment form. We reject this argument because, although the court indeed indicated that it was "going to arrest judgment" on that charge at trial, at the sentencing hearing the court stated that it would instead consolidate all the trafficking charges into a single sentence. Thus, to the extent there is an error in the court's judgment, it is not a clerical one. Because this is the only ground on which Lynch challenges her sentence on appeal, we find no error in the trial court's judgment.
Facts and Procedural History
The State indicted Lynch for a number of drug trafficking offenses involving the sale of opium. The jury acquitted Lynch of some charges but found her guilty of trafficking in opium by sale; trafficking in opium by delivery; trafficking in opium by possession; and a number of related charges. The jury also found Lynch guilty of attaining habitual felon status.
Lynch was present for the first day of trial but failed to appear on later days. After the jury returned the verdict, the court continued the proceeding in order to sentence Lynch when she was present. Several weeks later, with Lynch present, the court consolidated the three trafficking convictions and sentenced her to 70 to 93 months in prison for those charges and a concurrent sentence of 67 to 93 months in prison on other related charges. Lynch timely appealed.
Analysis
I. Motion for Mistrial
Lynch first argues that the trial court erred by denying her motion for a mistrial after a prospective juror stated in the presence of the jury pool that he had seen Lynch around and "I believe she did it." Lynch contends that the prospective juror's statement prejudiced the jury and that *336 the trial court failed to conduct an adequate inquiry of all jurors to determine whether they heard the statement, the effect of such statement, and whether they could disabuse their minds *192 of the harmful effects of the comments. We disagree.
It is well established that "[t]he judge must declare a mistrial upon the defendant's motion if there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, resulting in substantial and irreparable prejudice to the defendant's case." State v. McCollum , 157 N.C.App. 408, 415, 579 S.E.2d 467, 471 (2003), aff'd, 358 N.C. 132, 591 S.E.2d 519 (2004). But "[t]he decision whether to grant a motion for mistrial rests within the sound discretion of the trial judge and will not ordinarily be disturbed on appeal absent a showing of abuse of that discretion." State v. Boyd , 321 N.C. 574, 579, 364 S.E.2d 118, 120 (1988). "An abuse of discretion occurs only upon a showing that the judge's ruling was so arbitrary that it could not have been the result of a reasoned decision." State v. Salentine , 237 N.C.App. 76, 81, 763 S.E.2d 800, 804 (2014) (citation and quotation marks omitted).
Here, a prospective juror made the unsolicited statement during jury selection that "I've seen her around Beulaville, I believe she did it." Lynch then moved for a mistrial, arguing that the statement irreparably prejudiced the jury. The trial court denied Lynch's motion and indicated that it would instruct the jury to cure any potential for prejudice. The court dismissed the juror who made the comment.
The trial court later instructed the jury pool as follows:
All right. Ladies and gentlemen of the jury pool, I'm gonna give you an instruction. I've already instructed you earlier, but I'm going to instruct you again that the Defendant has entered a plea of not guilty. Under our system of justice a Defendant who pleads not guilty is not required to prove their innocence, but is presumed to be innocent. This presumption remains with the Defendant throughout the trial until the jury selected to hear the case is convinced from the facts and the law beyond a reasonable doubt of the guilt of the Defendant. The burden of proof is on the State to prove to you that the Defendant is guilty beyond a reasonable doubt.
There's no burden or duty of any kind on the Defendant. The mere fact that a Defendant has been charged with a crime is no evidence of guilt. The charge *337 is merely the mechanical or administrative way by which any person is brought to a trial.
At this point, ladies and gentlemen, you are to disregard any statement that juror number nine made during this jury selection. You are not to consider any statement made by any juror during this jury selection if you are chosen to sit as a juror and hear the evidence in this case.
From the record, we see no indication that Lynch asked the trial court to conduct an inquiry into whether the statement was heard by other potential jury members, the effect of such statement, and whether the prospective jurors could disabuse their minds of any prejudice resulting from the statement.
Lynch cites State v. Mobley , 86 N.C.App. 528, 358 S.E.2d 689 (1987), for the proposition that the prejudicial effect of the prospective juror's statement was obvious and required a mistrial as a matter of law. In Mobley , a potential juror who identified himself as a police officer stated that he had "dealings with the defendant on similar charges." Id. at 532, 358 S.E.2d at 691. The trial court excused the juror and instructed the jury that they "strike from their mind any reference the officer may have made to the defendant because it is not evidence in the case. Completely strike it out." Id. at 533, 358 S.E.2d at 691. The defendant moved to dismiss the jurors based on the officer's statements and the trial court denied the motion. Id. at 533, 358 S.E.2d at 691-92. This Court held that the defendant was entitled to a new trial because the potential prejudice was obvious and the trial court should have dismissed the jury pool and started over:
A statement by a police officer-juror that he knows the defendant from "similar charges" is likely to have a substantial effect on other jurors. The potential prejudice to the defendant is obvious. On the defendant's motion to dismiss the other jurors, the trial court, at the least, should *193 have made inquiry of the other jurors as to the effect of the statement. The more prudent option for the trial court would have been to dismiss the jurors who heard the statement and start over with jury selection. In any event, the attempted curative instruction was simply not sufficient.
Id. at 533-34, 358 S.E.2d at 692.
Lynch also cites State v. Howard , 133 N.C.App. 614, 515 S.E.2d 740 (1999), a case that followed Mobley . In Howard , a prospective juror *338 stated that she had worked at the county jail and knew one of the defendants "from there." Id. at 615, 515 S.E.2d at 741. The trial court dismissed some jurors who heard the response and had already been seated but kept another juror who might have heard the statement. Citing Mobley , this Court again ordered a new trial, explaining that "[w]e do not perceive any sound reason to distinguish the situation in the case before us from that in Mobley ." Id. at 618-19, 515 S.E.2d at 743.
We find these two cases distinguishable for several reasons. First, the prospective jurors who made the statements in Mobley and Howard were employed in the criminal justice system and thus their familiarity with those defendants and their criminal past likely carried more weight-and thus more potential for prejudice-than an ordinary citizen who merely knew the defendant from the community.
Second, the comments from the prospective jurors in Mobley and Howard indicated that the defendants in those cases had a criminal history. Because people assume (often incorrectly) that those with a criminal history are more likely to commit future crimes, knowledge that a defendant has a criminal past poses a significant risk of prejudice. Indeed, it is precisely because of these concerns that the Rules of Evidence restrict the State's ability to inform jurors of a defendant's criminal history or prior bad acts. See N.C. R. Evid. 404 ; State v. Carpenter , 361 N.C. 382, 387-88, 646 S.E.2d 105, 109-10 (2007).
Here, by contrast, the prospective juror stated only that he "believed" Lynch was guilty based on his familiarity with her in the community, without stating any specific reasons why. This is critical because it meant the jury had not learned any facts about Lynch that were outside the record in this case. They heard only the unsupported speculation of a fellow citizen.
Finally, the trial court in this case took extensive steps to remove any risk of prejudice by giving a lengthy curative instruction to ensure that the jury understood they must base their decision on the evidence presented, not on the unsupported speculation of the dismissed juror.
We note that the remark by the dismissed juror was not recorded, but that the parties agree it was made in the presence of the trial judge. Trial judges are uniquely situated to assess the potential prejudice of this sort of unsolicited statement by a member of the jury pool. In light of the trial court's curative instruction, we hold that the trial court acted well within its sound discretion in denying Lynch's motion for a mistrial. Accordingly, we reject Lynch's argument.
*339 II. Alleged Clerical Error in the Judgment
Lynch next argues that there is a clerical error in the trial court's judgments and we must remand the judgment to correct that error. Again, we disagree.
"A clerical error is defined as an error resulting from a minor mistake or inadvertence, especially in writing or copying something on the record, and not from judicial reasoning or determination." State v. Gillespie , 240 N.C.App. 238, 245, 771 S.E.2d 785, 790, rev. denied , 368 N.C. 353, 777 S.E.2d 62 (2015) (internal quotation marks and brackets omitted). "Generally, clerical errors include mistakes such as inadvertent checking of boxes on forms ... or minor discrepancies between oral rulings and written orders...." In re D.D.J ., 177 N.C.App. 441, 444, 628 S.E.2d 808, 811 (2006).
Here, although the trial court stated after the jury returned the verdict that it was "going to arrest judgment" on the trafficking by delivery charge, the court did not pronounce the sentence at that time because Lynch failed to appear after the first day of *194 trial. At the sentencing hearing several weeks later, with Lynch present, the trial court announced that the jury found Lynch "guilty of Counts I, II, and III of trafficking in opium." Those counts were the charges of trafficking by sale, trafficking by delivery, and trafficking by possession. The court then stated that it was "going to consolidate the trafficking offenses into one judgment." The judgment form reflects that these three offenses were consolidated and that Lynch received a single, consolidated sentence for the three offenses.
On these facts, the trial court's failure to arrest judgment on the delivery offense was not a mere clerical error. This is not a case in which the judgment failed to conform to the court's oral ruling in a manner that suggests a mistake in recordation. Rather, despite having previously indicated that it would arrest judgment on the delivery offense, when it announced its judgment at the sentencing hearing, the court stated that it would consolidate "Counts I, II, and III"-meaning all three trafficking offenses including Count II, the delivery offense. The judgment accurately reflects that oral pronouncement. Thus, at most, the judgment reflects an inconsistency between two separate judicial pronouncements by the trial court. To the extent this is an error, it is not a clerical one. See State v. Jarman , 140 N.C.App. 198, 202, 535 S.E.2d 875, 878 (2000).
The dissent rightly observes that our Supreme Court has instructed us to "err on the side of caution and resolve in the defendant's favor the discrepancy between the trial court's statement in open court, as *340 revealed by the transcript, and the sentencing form." State v. Morston , 336 N.C. 381, 410, 445 S.E.2d 1, 17 (1994). But this case involves more than a mere discrepancy between the court's oral pronouncement and the judgment form; it involves a discrepancy between two separate oral pronouncements. If that type of inconsistency were treated as clerical in nature, it would greatly expand the ability of this Court to vacate and remand judgments without a showing of actual error and accompanying prejudice-something this Court has long required before vacating a trial court's judgment. Accordingly, we reject Lynch's argument that the court's judgment contains a clerical error.
Finally, we note that the reason the court initially stated that it would arrest judgment on the delivery charge was Lynch's argument (made at the conclusion of the trial but not at the sentencing hearing) that sentencing a defendant for both sale and delivery of the same controlled substance violates the Double Jeopardy Clause. Lynch does not assert a Double Jeopardy argument on appeal, instead relying solely on the clerical error argument. This Court is not permitted to address arguments not raised on appeal. N.C. R. App. P. 28(b)(6). Thus, we cannot address any potential constitutional concerns with the judgment. But because the trial court consolidated the trafficking offenses into a single sentence, there does not appear to be any prejudicial effect from the failure to arrest judgment on the delivery charge. In any event, to the extent Lynch wishes to pursue this issue, the proper vehicle to do so is a motion for appropriate relief in the trial court.
Conclusion
We find no error in the trial court's judgment.
NO ERROR.
Judge ELMORE concurs.
Judge ARROWOOD concurring in part and dissenting in part, with separate opinion.