An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-775

Filed 20 May 2026

Wayne County, No. 23CR431655-950

STATE OF NORTH CAROLINA

v.

HEATHER KAE MCQUAGE

Appeal by defendant from judgment entered 28 June 2024 by Judge William W. Bland in Wayne County Superior Court. Heard in the Court of Appeals 27 January 2026.

> *Attorney General Jeff Jackson, by Assistant Attorney General Charles G. White, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Nicholas C. Woomer-Deters, for defendant.*

FREEMAN, Judge.

Defendant appeals from judgment after pleading guilty to the charge of obtaining property by false pretenses. On appeal, defendant argues that the trial court committed a clerical error in not awarding her credit for three days of confinement served prior to the judgment. The State concedes the error. After careful

review, we remand this matter to the trial court for the limited purpose of correcting the clerical error within its judgment.

## I.    Factual and Procedural Background

On 5 February 2024, defendant was indicted for obtaining property by false pretenses. On 1 April 2024, defendant was subsequently indicted for possession of methamphetamine. On 28 June 2024, defendant pleaded guilty to the charge of obtaining property by false pretenses. Pursuant to the plea agreement, the State dismissed the possession of methamphetamine charge.

At the sentencing hearing the same day, the trial court imposed a sentence of seven to eighteen months' imprisonment, suspended with thirty-six months of supervised probation. When discussing credit for time that defendant spent in confinement prior to the judgment, the trial court said, "3 days credit, apply that to the sentence." However, the written judgment provided that defendant "shall be given credit for 0 days spent in confinement prior to the date of this Judgment . . . ."

On 12 July 2024, defendant filed a pro se notice of appeal. On 13 October 2025, defendant filed a petition for writ of certiorari.

## II.    Jurisdiction

Subject to limited exceptions, a "defendant is not entitled to appellate review as a matter of right when he [or she] has entered a plea of guilty . . . to a criminal charge in the superior court, but he [or she] may petition the appellate division for review by writ of certiorari." N.C.G.S. § 15A-1444(e) (2025). Furthermore, the notice

of appeal must designate the court to which the defendant is appealing and provide proof of service on all adverse parties. *See* N.C. R. App. P. Rule 4; *State v. Rager*, 294 N.C. App. 482, 484 (2024) (stating that such defects are jurisdictional).

Here, defendant is not entitled to appellate review as a matter of right because she entered a plea of guilty in the superior court below. Furthermore, defendant's pro se written notice of appeal was defective: it did not designate the court to which she was appealing or indicate service upon the State. Accordingly, defendant has filed a petition for writ of certiorari. We may issue a writ of certiorari "in appropriate circumstances . . . to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action . . . ." N.C. R. App. P. 21(a)(1). Certiorari is a discretionary writ governed by a two-part test. *See Cryan v. Nat'l Council of Young Men's Christian Ass'ns of U.S.*, 384 N.C. 569, 572–73 (2023). In our discretion, we grant defendant's petition for certiorari and review the merits of her appeal.

## III. Standard of Review

We review alleged sentencing errors, including clerical errors, de novo. *State v. Allen*, 249 N.C. App. 376, 379 (2016).

## IV. Discussion

A clerical error is "[a]n error resulting from a minor mistake or inadvertence, especially in writing or copying something on the record, and not from judicial reasoning or determination." *State v. Jarman*, 140 N.C. App. 198, 202 (2000) (citation

omitted).   "Generally, clerical errors include mistakes such as inadvertent checking of boxes on forms or minor discrepancies between oral rulings and written orders." *State v. Lynch*, 254 N.C. App. 334, 339 (2017) (cleaned up).   "When, on appeal, a clerical error is discovered in the trial court's judgment or order, it is appropriate to remand the case to the trial court for correction because of the importance that the record speak the truth."   *State v. Smith*, 188 N.C App. 842, 845 (2008) (cleaned up).

In the sentencing hearing, the trial court awarded defendant credit for three days of confinement prior to the judgment.  However, the written judgment awarded defendant credit for zero days.  This is a clerical error because it reflects a "minor discrepancy" between the trial court's express statement at the hearing compared to the written order rather than the result of the trial court's "judicial reasoning or determination."   *See Lynch*, 254 N.C. App. at 339; *Smith*, 188 N.C. App. at 845. Accordingly, we remand this matter for the trial court to correct the clerical error about credit for defendant's confinement prior to the judgment.

## V.   Conclusion

For the foregoing reasons, we remand this matter for trial court to correct the clerical error contained in the judgment consistent with this opinion.

REMANDED.

Judges STROUD and STADING concur.

Report per Rule 30(e).