An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-1071

Filed 17 June 2026

Cabarrus County, Nos. 23CR300890-120, 23CR454394-120

STATE OF NORTH CAROLINA

v.

JAMEZ MANDELL BURKE

Appeal by defendant from judgments entered 14 February 2025 by Judge Eric C. Morgan in Cabarrus County Superior Court. Heard in the Court of Appeals 21 May 2026.

>   *Attorney General Jeff Jackson, by Assistant Attorney General Kyla Wonder, for the State.*
>
>   *Drew Nelson for defendant-appellant.*

ZACHARY, Judge.

Defendant Jamez Mandell Burke appeals from the trial court's judgments entered upon a jury's verdicts finding him guilty of two counts of sexual battery. On appeal, Defendant argues that the trial court abused its discretion by failing to grant his motion for a mistrial and delivering an inadequate curative instruction to the jury. He also argues that the court erred by ordering restitution that was unsupported

by competent evidence. After careful review, we conclude that Defendant received a fair trial, free from error. However, we vacate the portion of the judgments ordering Defendant to make restitution and remand to the trial court for a new hearing on the issue of restitution.

## I.    Background

Defendant was charged with two counts of sexual battery[1] and entered an *Alford* plea in Cabarrus County District Court.[2] On 21 February 2024, the trial court entered judgments sentencing Defendant to two consecutive terms of 60 days in the custody of the Cabarrus County Sheriff and ordering Defendant to make restitution to D.M. and A.M.[3] in the amounts of $460.00 and $65.00, respectively. Defendant gave timely notice of appeal of the judgments to superior court.

On 10 February 2025, Defendant's case came on for jury trial in Cabarrus County Superior Court. The evidence tended to show the following:

In 2022, Defendant was employed at Couture Massage Therapy as a massage therapist specializing in sports and deep tissue massage. In October 2022, D.M. went to Couture Massage Therapy for a massage. She was seen by Defendant because her

---

[1] The facts of the incidents are neither disputed nor relevant to the issues on appeal.

[2] "A defendant enters into an *Alford* plea when he proclaims he is innocent, but intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt." *State v. Crawford*, 278 N.C. App. 104, 105 n.1, 861 S.E.2d 18, 21 n.1 (2021) (cleaned up), *disc. review denied*, 382 N.C. 728, 879 S.E.2d 582 (2022); *see also North Carolina v. Alford*, 400 U.S. 25, 37, 27 L. Ed. 2d 162, 171 (1970).

[3] In accordance with the parties' stipulation, we refer to the victims by their initials.

usual massage therapist was not available. During the massage, Defendant allegedly committed sexual battery against D.M. D.M. did not return to Couture until January 2023, at which time she reported the incident to her usual massage therapist and to Kimberly Smith, the owner of Couture. D.M. filed a complaint against Defendant with the North Carolina Massage Board and gave a statement to a State investigator.

In December 2022, A.M. went to Couture Massage Therapy to receive a massage and was seen by Defendant. During the massage, Defendant allegedly committed sexual battery against her. A.M. promptly reported the incident to Ms. Smith. She also filed a complaint against Defendant with the North Carolina Massage Board and provided a statement to a State investigator.

After A.M.'s report of Defendant's behavior in December 2022, Ms. Smith spoke with Defendant, who denied A.M.'s allegations. Nevertheless, Ms. Smith wrote him up. In January 2023, after D.M. reported Defendant's similar behavior during her massage, Ms. Smith fired Defendant.

On the third day of trial, during Ms. Smith's testimony, she stated that Defendant "took a plea." The trial court stopped the proceedings and held a bench conference outside the presence of the jury. Defense counsel moved for a mistrial and the State moved to strike Ms. Smith's comment about the plea. After hearing the arguments of counsel, the next day, the court granted the motion to strike, denied the motion for a mistrial, and ordered that all witnesses were prohibited from referencing the district court proceedings, including Defendant's plea. The court delivered a

curative instruction to the jury regarding Ms. Smith's comment and the trial proceeded.

On 14 February 2025, the jury returned verdicts finding Defendant guilty of two counts of sexual battery. That same day, the trial court entered judgment sentencing Defendant to a term of 60 days in the custody of the Misdemeanor Confinement Program and requiring Defendant to make restitution to D.M. in the amount of $460.00. The court entered a second judgment sentencing Defendant to a consecutive term of 60 days in the custody of the Misdemeanor Confinement Program and requiring Defendant to make restitution to A.M. in the amount of $750.00. The court also ordered Defendant to register as a sex offender for 30 years.

Defendant gave oral notice of appeal.

## II.     Discussion

On appeal, Defendant argues that the trial court abused its discretion by failing to grant his motion for a mistrial and delivering an inadequate curative instruction to the jury. He also argues that the court erred by ordering restitution that was not supported by the evidence.

### A. Motion for Mistrial and Curative Instruction

Defendant first asserts that "the trial court abused its discretion by failing to order a mistrial" and by "giving an inadequate curative instruction." We disagree.

### 1.  Standard of Review

"[T]he decision whether to grant a motion for mistrial rests within the sound

discretion of the trial judge and will not ordinarily be disturbed on appeal absent a showing of abuse of that discretion." *State v. Lynch*, 254 N.C. App. 334, 336, 803 S.E.2d 190, 192 (2017) (cleaned up).

"An abuse of discretion occurs only upon a showing that the judge's ruling was so arbitrary that it could not have been the result of a reasoned decision." *Id.* (citation omitted). "[W]hen a trial court acknowledges an evidentiary error and instructs the jury to disregard it, the refusal to grant a mistrial based on the introduction of the evidence will ordinarily not constitute an abuse of discretion." *State v. Hauser*, 271 N.C. App. 496, 498, 844 S.E.2d 319, 322 (2020) (cleaned up).

## 2. Analysis

"A mistrial is proper when there are improprieties in the trial so serious that they substantially and irreparably prejudice the defendant's case and make it impossible for the defendant to receive a fair and impartial verdict." *State v. Spera*, 290 N.C. App. 207, 211, 891 S.E.2d 637, 641 (2023) (cleaned up), *disc. review denied*, 386 N.C. 280, 900 S.E.2d 675 (2024). Upon review, "[t]he trial court's decision in this regard is to be afforded great deference since the trial court is in a far better position than an appellate court to determine whether the degree of influence on the jury was irreparable." *Hauser*, 271 N.C. App. at 498, 844 S.E.2d at 322 (citation omitted).

At trial, Ms. Smith testified regarding the write-up that Defendant received after A.M.'s complaint against him. The following colloquy occurred:

> Q. Did [Defendant] sign that write-up?

A. He did.

Q. Did you provide that write-up to law enforcement or the DA's office?

A. I did not, because when we came - - everything was - - I think [Defendant] took a plea, so I purged all of my files.

Q. Okay.

A. And I do not have it anymore.

The trial court stopped the proceedings and held a bench conference outside the presence of the jury. Defense counsel argued that Ms. Smith's comment about Defendant's plea was "incredibly prejudicial" and moved for a mistrial. The State moved to strike the comment. The court heard the arguments of counsel, and, the next day, granted the motion to strike and denied the motion for a mistrial. The trial court gave a thoughtful explanation of its decision:

> The [c]ourt heard from both counsel on that, and I thank counsel for the excellent arguments in that matter. The [c]ourt took the matter under advisement overnight, and the [c]ourt in the exercise of its discretion is denying the motion for a mistrial.
>
> However, I'm granting the motion to strike. And the [c]ourt would intend to instruct the jury when they return to the courtroom in the exercise of its discretion that, ladies and gentlemen, the [c]ourt first wants to address one of the last answers to a question that you heard from witness Kim Smith in relation to the purging of documents and the timing of the purge of those documents. The [c]ourt is granting a motion to strike that entire answer, and you are to disregard and not consider that answer. And the motion to strike is granted.

The [c]ourt further is going to enter a specific motion in limine in this matter that would prohibit any witness from addressing any matter related to the [d]istrict [c]ourt proceedings in this action or any plea in [d]istrict [c]ourt. The [c]ourt is going to ask counsel to instruct the witnesses not to reference any such matter unless and until the [c]ourt has considered that and deemed it admissible outside presence of the jury and after an appropriate voir dire hearing from counsel for the State and counsel for the [d]efense. I would ask you to instruct the witnesses accordingly.

And so, consequently, the [c]ourt in the exercise of its discretion is granting the motion to strike noting that at the end of the witness's answer that the witness answered that documents were purged after, and used the word plea. The witness did not use the word - - d[id] not say pled guilty.

The [c]ourt has already instructed the jury that . . . Defendant has pled not guilty in these matters and that there is a presumption of innocence, that he is presumed innocent throughout the trial unless and until the jury being convinced beyond a reasonable doubt concludes that he is guilty. The [c]ourt finds that th[e] motion to strike is appropriate and addresses any issue in regard to that matter.

Defense counsel asked the court to reconsider the rulings and noted his objection for the record. The court denied defense counsel's motion for reconsideration. The jury reentered the courtroom, and the court gave the following instruction:

The [c]ourt first wants to address one of the last answers to a question that you heard from witness Kim Smith in relation to the purging of documents and the timing of the purge of those documents.

- 7 -

> The [c]ourt is granting a motion to strike that entire answer, and you are to disregard and not consider that answer. The motion to strike is granted.

Defendant now contends that "the trial court erred by failing to grant [his] motion for a mistrial" and that "[f]ailing to order a mistrial after this improper disclosure was clearly prejudicial error, which had an obvious impact on the outcome of the trial, as it allowed the case to proceed and led to the two guilty verdicts."[4] (Quotation marks omitted). We agree with the State that "there is ample evidence to show that the trial court did not abuse its discretion and instead made a reasoned decision to deny the mistrial and grant the motion to strike that cured the prejudice."

In the present case, the trial court halted the proceedings when Ms. Smith made her improper statement, heard the arguments of counsel, and considered the matter overnight before denying defense counsel's motion for a mistrial, granting the State's motion to strike, and ordering that all witnesses were prohibited from referencing the plea or the district court proceedings. The court's careful consideration of this matter demonstrates that the court's ruling was not "so arbitrary that it could not have been the result of a reasoned decision." *Lynch*, 254 N.C. App. at 336, 803 S.E.2d at 192 (citation omitted).

---

[4] Defendant also repeatedly argues in both his initial and reply brief that the "improper disclosure" was the jury learning that he "had previously entered a guilty plea." We note that the transcripts reflect that at no point did the jury hear that Defendant had entered a plea of guilty; the witness stated, " . . . I think [Defendant] took a plea . . . ."

Defendant further contends that "the trial court focused its curative instruction on the portion of Ms. Smith's response that dealt with 'the purging of documents' and failed to address her disclosure of [Defendant]'s prior plea, the important—and prejudicial—part of her testimony." Yet a review of the trial transcript shows that the court instructed the jury to set aside Ms. Smith's *"entire answer,"* which indisputably included her mention of the plea. (Emphasis added).

It is well settled that a trial court does not abuse its discretion when it takes "immediate and thorough curative action . . . to clearly and completely identify the evidence the jury must disregard." *Hauser*, 271 N.C. App. at 499, 844 S.E.2d at 322 (citation omitted). In the case at bar, the court "clearly and completely" identified the evidence that the jury was to disregard and instructed them to do so. *Id.* Thus, the trial court did not abuse its discretion by denying Defendant's motion for a mistrial where the objectionable response was stricken and the court delivered a suitable curative instruction to the jury.

**B. Restitution Awards**

Defendant next argues that "[t]he trial court erred by issuing two restitution awards without sufficient evidence." The State concedes error, and we agree.

**1. Standard of Review**

"On appeal, we review de novo whether the restitution order was supported by evidence adduced at trial or at sentencing. Under a de novo review, the court considers the matter anew and freely substitutes its own judgment for that of the

lower tribunal." *State v. Gray*, 299 N.C. App. 728, 729–30, 918 S.E.2d 524, 526 (2025) (cleaned up).

**2. Analysis**

"A trial court can require that the defendant make restitution to the victim or the victim's estate for any injuries or damages arising directly and proximately out of the offense committed by the defendant." *State v. Hunt*, 250 N.C. App. 238, 253, 792 S.E.2d 552, 563 (2016) (cleaned up); *see* N.C. Gen. Stat. § 15A-1340.34(b) (2025). "The amount of restitution awarded must be supported by evidence adduced at trial or at sentencing." *Hunt*, 250 N.C. App. at 253, 792 S.E.2d at 563 (cleaned up).

"The quantum of evidence needed to support a restitution award is not high. When there is some evidence as to the appropriate amount of restitution, the recommendation will not be overruled on appeal." *Gray*, 299 N.C. App. at 730, 918 S.E.2d at 526 (cleaned up). However, "[a] restitution worksheet, unsupported by testimony or documentation, is insufficient to support an order of restitution." *Hunt*, 250 N.C. App. at 253, 792 S.E.2d at 263 (cleaned up).

Here, at sentencing, the State presented two restitution worksheets to the trial court, one for D.M. and one for A.M., in the amounts of $460.00 and $750.00, respectively, and requested "an order regarding those amounts." The court entered two judgments ordering Defendant to make restitution to D.M. and A.M. in the State's requested amounts.

The restitution worksheets, standing alone, are "insufficient to support an

order of restitution." *Id*. (citation omitted). Accordingly, we vacate the portion of the judgments ordering Defendant to make restitution and "remand for rehearing solely on the amount of restitution due." *Gray*, 299 N.C. App. at 732, 918 S.E.2d at 528.

### III.    Conclusion

For the foregoing reasons, we conclude that the trial court did not abuse its discretion in denying Defendant's motion for a mistrial and delivering a curative instruction to the jury. We vacate the portion of the judgments ordering Defendant to make restitution and remand for a hearing on the issue of restitution.

NO ERROR IN PART; VACATED IN PART AND REMANDED.

Judges CARPENTER and MURRY concur.

Report per Rule 30(e).